UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antrell Jermaine Fordham, # 262332, *a/k/a* Antrell Fordham and Antrell J. Fordham, <br><br>                    Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections;<br>Elizabeth Holcomb;<br>Luanne Mauney;<br>Thomas Moore; and<br>Linda Jones,<br><br>                    Defendants. | ) C/A No.: 2:13-875-CMC-BHH<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Antrell Jermaine Fordham ("Plaintiff") is incarcerated at the Lieber Correctional Institution ("LCI") in Ridgeville, South Carolina, a facility run by the South Carolina Department of Corrections ("SCDC"). Plaintiff has brought suit pursuant to 42 U.S.C. § 1983 against SCDC, and four (4) LCI employees alleging, among other things, that the Defendants have been deliberately indifferent to his serious medical needs.

A review of the § 1983 complaint reveals that Plaintiff claims he told Defendant Mauney on February 9, 2012 that he was in pain from a prior gun shot wound. (ECF No. 1 at 2 of 8). Plaintiff also alleges that on January 9, 2013, Defendant Jones denied him prosthetic shoes. (Id.) According to the Complaint, Plaintiff was told on February 1, 2013 that he would have to write Defendant Holcomb a request to receive prosthetic shoes. (Id. at 3 of 8). Plaintiff claims this is a denial of his right to medical care, his right to equal protection, and his rights under State law. He further alleges that the Defendants have been grossly negligent. He seeks a jury trial and money damages. (Id. at 4 of 8).

It appears from the attachments to Plaintiff's Complaint that he may have also filed

this matter in state court. (Id. at 4 of 8). He attaches two "request to staff" sheets to his Complaint. One of the two requests indicates that shoes are only provided to inmates with severe foot deformities. (ECF No. 1-1 at 3 of 3). All other inmates are issued a "new kind of shoe" from security. (Id.)

This matter is duplicative of Civil Action No. 2:12-974-MGL-BHH (D.S.C. 2012)[1], wherein the Plaintiff claimed he "was approved by Dr. Moore to get shoes for [Plaintiff's] severe foot deformity from a 1998 bullet wound that left a protruding lump on the left side of [his] foot." *Fordham v. Moore*, Civil Action No. 2:12-974-MGL-BHH (D.S.C. 2012) (ECF No. 1 at 3 of 5.) Plaintiff alleged that his shoes were stolen and that when he requested another pair, Defendant Mauney said "that Dr. Moore changed the policy stopping [Plaintiff] from getting" another pair of shoes from medical. (Id.) Plaintiff alleged that Mauney was deliberately indifferent to his serious medical needs because she was "aware that [Plaintiff] walk[s] with a limp and need[s] extra support on [his] left foot" but that she failed to get "approval from Dr. Moore for [Plaintiff] to be sent to a prosthetic dr. to get the much needed shoes to relieve the pain in [his] foot." (Id.) Plaintiff further alleged that Defendant Holcomb "also showed deliberate indifference by not setting up an appointment from Dr. Moore to get shoes." (Id.)

In the "Relief" section of that Complaint, Plaintiff requested, in part, that this Court order Defendants Mauney and Holcomb "to set an appointment for [Plaintiff] to go to a prosthetic" doctor and order Dr. Moore to approve shoes from this doctor. (Id.) Plaintiff further sought "to be awarded monetary damages for [his] pain and suffering." (Id.)

---

[1] A Court may take judicial notice of its own books and records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Summary Judgement was granted for the Defendants in the prior matter (ECF No. 56), and Plaintiff filed an appeal with the Fourth Circuit Court of Appeals (ECF No. 59). In an unpublished opinion dated April 30, 2013, the Fourth Circuit affirmed the judgment of the District Court. (ECF No. 67.)

### Discussion

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) *(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The above-captioned matter is the second case filed by the Plaintiff concerning his request for prosthetic shoes. In an order filed in Civil Action No. 2:12-974-MGL-BHH (D.S.C. 2012) on April 9, 2012, the undersigned authorized service of process and directed the Defendants in that matter to file an answer or other responsive pleading (ECF No. 7). On August 3, 2012, the Defendants filed a Motion for Summary Judgement, and a memo in support. (ECF No. 32-1). As noted above, the Motion for Summary Judgement was granted in Civil Action No. 2:12-974-MGL-BHH (D.S.C. 2012) (ECF No. 56), and Plaintiff filed a Notice of Appeal on February 4, 2013 (ECF No. 59). In an unpublished opinion dated April 30, 2013, the Fourth Circuit affirmed the judgment of the District Court. (ECF No. 67.)

Consequently, the Complaint in the above-captioned case is subject to summary dismissal because it is duplicative to the Complaint filed in Civil Action No. 2:12-974-MGL-BHH (D.S.C. 2012). *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295 (5th Cir. 1970), where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Labs.*, 425 F.2d at 1296.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].

s/Bruce H. Hendricks
United States Magistrate Judge

May 3, 2012
Charleston, South Carolina

**<u>*The Plaintiff's attention is directed to the important NOTICE on the next page*</u>**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).